IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE: ) | |
| ) | |
| ELOUISE KAY MALONEY, ) | Case No. 04-20947 |
| ) | |
| Debtor. ) | |
| ) | |

MEMORANDUM OPINION

The matter before the Court in this case is the objection by the Trustee to Debtor's claim of a homestead exemption in property at 801 S. Rutherford in Macon, Missouri. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157(a) and (b). This is a core proceeding which the Court may hear and determine pursuant to 28 U.S.C. § 157(b)(2)(B).

The Trustee contends the Debtor abandoned the property and forfeited her right to claim it as a homestead when she left it in 1987 when she was married and took up residence in her husband's mobile home. Debtor contends she intended to return as evidenced by her recent move back to the property, which occurred shortly before the hearing on the Trustee's objection. For the reasons stated below, the Court sustains the Trustee's objection to Debtor's claim of homestead in the property.

I. BACKGROUND

At the time she filed her bankruptcy petition, Debtor scheduled her interest in a parcel of real property she owns in Macon, Missouri, valued at $10,000, and claimed it as exempt on Schedule C, pursuant to Mo. Rev. Stat. § 513.475(1). She acquired the property in 1967 and lived in it for 20 years. Some time in 1987, she married and moved into a mobile home owned by her husband, also located in Macon. She retained ownership of the property and it remained vacant for some time, until it

was occupied by her son, who did not have a formal lease agreement with Debtor or pay her any rent for his occupancy of the property. Debtor acquired no interest in the mobile home she lived in with her husband. Her husband died in January, 2004. She filed this proceeding on April 17, 2004, at which time she was still living in the mobile home. A first meeting of creditors, pursuant to § 341, was conducted in this case on May 14, 2004, at which the Trustee questioned the Debtor about the real estate. On May 24, the Trustee filed her objection to the homestead exemption claim. The Trustee inspected the property on June 10. At that time, the Debtor still lived in the mobile home and her son occupied the house on the scheduled real estate. Apparently, in the period between that inspection and the hearing on the Trustee's objection to Debtor's claim of exemption, Debtor moved back into the property, which she now shares with her son. She testified she believed she had to move out of the mobile home, but also admitted she was not forced out by any of her husband's heirs. She has since transferred the utilities back into her name and has forwarded her mail to her new address. Debtor claims she intends to remain there and that she did not return sooner, such as immediately after her husband's death, because her life was too chaotic, dealing as she was not only with the problems posed by the death of her husband, but also with the loss of her father, another relative and the daughter of her best friend.

## II.  DISCUSSION AND ANALYSIS

In Missouri, a debtor is entitled to claim as exempt up to $15,000.00 in value of a dwelling house used by the debtor as a homestead. Mo. Rev. Stat. § 513.475(1). It is true that exemption laws are enacted to provide relief to the debtor and are liberally construed in favor of the debtor. *In re Schissler*, 250 B.R. 697, 700 (Bankr. W.D. Mo. 2000); *In re Turner*, 44 B.R. 118, 119 (Bankr.

W.D. Mo. 1984). Generally, homestead requires both ownership and occupancy of the premises. *Schissler*, 250 B.R. at 700; *In re Dennison*, 129 B.R. 609, 610 (Bankr. E.D. Mo. 1991); *In re Robinson*, 75 B.R. 985, 988 (Bankr. W.D. Mo. 1987). Occupancy, however, is not an absolute prerequisite to a claim of homestead exemption if the debtor can establish he or she has a bona fide intention of making the premises a permanent residence. *Schissler*, 250 B.R. 697 at 700 (quoting *State v. Haney*, 277 S.W.2d 632, 637 (Mo. 1955). That intention must be gleaned from all the facts and the circumstances, not just the declarations of the parties. *Id.*; *Dennison*, 129 B.R. at 610.

In this case, the Debtor had established the property as a homestead, but then removed herself from it for a continuous period of 17 years. The question is whether Debtor thereby abandoned her homestead and forfeited her right to claim it as exempt. The law does not favor abandonment of a homestead. *Turner*, 44 B.R. at 119. As the party objecting to the exemption, the Trustee has the burden of proof. Fed. R. Bankr. Proc. 4003(c). Physical removal of the debtor from the premises, however, constitutes *prima facie* evidence of abandonment. *Farris v. Farmington Production Credit Association (In re Farris)*, 42 B.R. 388, 389 (Bankr. E.D. Mo. 1984); *Kaes v. Gross*, 3 S.W. 840, 842 (Mo. 1887) ("removal of a family from the homestead constitutes a *prima facie* case of abandonment, and raises a presumption against the claim of homestead which must be rebutted before such claim can successfully be asserted"); *Snodgrass v. Copple*, 111 S.W. 845, 846 (Mo. Ct. App. 1908) ("The removal of the family from the homestead is *prima facie* evidence of abandonment; but it is not conclusive, and may be overcome by evidence showing that the removal was temporary and accompanied by an intention to return after the accomplishment of a specific purpose which prompted it.") In order to preserve the claim of homestead after physical removal, debtor must demonstrate an

intention to return, which intention was formed at the time of removal. *Schissler*, 250 B.R. at 700; *Duffey v. Willis*, 12 S.W. 520, 521 (Mo. 1889) (intention to return must be formed at the time of the removal from the premises). A vague and indefinite intention to return at some future time under certain conditions is not sufficient to prevent the removal from the premises from constituting an abandonment. *Snodgrass*, 111 S.W. at 846. Actual removal from the homestead, with no intention to return, amounts to forfeiture. *Schissler*, 250 B.R. at 700; *Duffey*, 12 S.W. at 521.

In this instance, the Debtor failed to prove that she formed an intention to return to her property and use it as a homestead at the time she removed herself from it in 1987. Debtor simply never testified clearly that she intended to return to the property at the time she married and moved to her husband's mobile home. Courts have held that the length of time a debtor is absent from the property is an important factor in determining whether the facts establish that a forfeiture occurred. *Kaes*, 3 S.W. at 842 ("The length of time that the claimant is absent from his *locus in quo* will constitute an important factor, in connection with other circumstances, in determining whether the aggregate result of all the facts is sufficient to establish that a forfeiture of the acquired right has occurred by reason of abandonment.") In this instance, Debtor was continually absent from the property for a period of approximately 17 years, a fact which weighs heavily against her claim. In a similar case, the Missouri Court of Appeals held that a wife whose husband had died and who remarried and then removed herself with her children and household goods to the home of her new husband and resided there for four years had abandoned her former homestead. *Kaes*, 3 S.W. at 843.

Unlike some of the reported cases involving alleged abandonment, Debtor's removal was not for a specified period or purpose, which would be consistent with returning when that period expired or

4

that purpose was achieved.  *See*, *e.g., New Madrid Banking Co. v. Brown*, 65 S.W. 297 (Mo. 1901) (move induced by wife's illness and opportunity for children to attend better schools); *Victor v. Grimmer*, 95 S.W. 274 (Mo. Ct. App. 1906) (debtor moved to avoid nuisance and intended to return upon abatement).  Debtor moved on the occasion of her marriage, a significant life-changing experience, and one which she obviously intended at the time to be permanent.  She testified herself that she did not anticipate outliving her husband.  If she did not so anticipate, then it follows that she did not intend to return to her property unless she and her husband made a joint decision to do so.  While Debtor testified that she and her husband discussed from time to time the possibility of moving back to her property, she did not testify that they ever made such a decision, let alone at the time she removed herself from it in 1987.  As a matter of fact, after her husband died, she did not even then immediately return to the property.  Although Debtor is there now, has stated her intention to remain and taken certain acts to establish a relationship to the property, these things were apparently done only in response to the Trustee's indication that she would object to the Debtor's claim of homestead.  Neither the timing nor the context of this declaration and these actions supports Debtor's claim.  She offers no evidence of a declaration of intent contemporaneous to her leaving the property in 1987.

Even if the Debtor had clearly testified that she formed an intention to return when she left her property in 1987, her declaration to that effect would not be determinative.  Because such statements can be self-serving, the abandonment determination must be made based on all the surrounding facts and circumstances.  Unlike some of the other decided cases, Debtor's alleged intent to return to the property is not corroborated by evidence of other conduct confirming this intent, such as having left personal property behind at the time of departure.  *See*, *e.g.*, *New Madrid*, 65 S.W. at 298; *Victor*,

95 S.W. at 274. Although Debtor retained ownership of the property and did not encumber her interest with a contract for sale or a long-term lease, her retention of ownership is equally consistent with dispositions of the property other than the resumption of occupancy, including eventual sale or transfer of the property to her heirs upon her death.

Finally, Debtor's current occupancy of the property does not establish her claim for a homestead exemption. If Debtor previously abandoned the property without intention to return and therefore forfeited her claim of homestead, her new claim could only be established from the date of her renewed occupancy with an intention to remain. Under the circumstances, however, that renewed occupancy cannot be effective to establish a homestead claim. First, Debtor's entitlement to claims of exemption is to be determined as of the date of the filing of the petition. *In re Alexander*, 236 F.3d 431, 432 (8th Cir. 2001); *In re Peterson*, 897 F.2d 935 (8th Cir. 1990) (debtor's right to exemption determined as of date of filing and subsequent events will not affect right to exemption). Here, Debtor did not occupy the residence at the time of the filing of the petition, at the time she claimed her homestead exemption, or at the time of the first meeting of creditors. Second, upon the filing, the rights of the Trustee intervened. The Debtor cannot reestablish a claim to homestead after a previous abandonment if third parties have acquired rights in the interim. *Kaes*, 3 S.W. at 842 ("if such right be once lost and possession of the homestead be again resumed, such resumption of possession will only have the effect of giving origin to a new homestead right, bearing date from the new occupancy, and having no retroactive validity on the old right lost by abandonment, and possessing no force against the rights of third persons acquired in the interim between the loss of the old and the acquisition of the new right.") On the date of the filing of the petition, the property became property of the estate, pursuant to

§ 541, which the Trustee has the right to administer for the benefit of the Debtor's creditors.

### III. CONCLUSION

For all these reasons, the Court sustains the Trustee's objection to Debtor's claim of a homestead exemption in the property at 801 S. Rutherford in Macon, Missouri. After having physically removed herself from the property for some 17 years and continuously occupying a residence with her husband, it was incumbent upon Debtor to demonstrate to the Court that at the time of her removal in 1987 she intended to return to the property and occupy it as a residence. Debtor offered no credible evidence that she formed such an intention at that time.

The foregoing constitutes my Findings of Fact and Conclusions of Law in accordance with Rules 9014(c) and 7052 of the Federal Rules of Bankruptcy Procedure. A separate order will be entered as required by Rule 9021.

/s/ Dennis R. Dow
Bankruptcy Judge

Date: July 1, 2004

Copies to:
Kyle Emmons
Janice Harder